BARNS, PAUL D., Associate Judge
(dissenting).
I am unable to agree that a loss by theft is not a “direct and accidental” loss. It seems that a loss by theft is both direct and accidental, and that the facts as stated in the controlling opinion show the loss to the plaintiff-appellant to be “direct and accidental”. When one has his automobile stolen, he suffers a “loss” even though it is recovered in a distant city, whether it be Chicago or Calcutta, and that such a loss is “direct”; and when one suffers a loss of an automobile by theft, as to him the “loss” is accidental in the sense that the loss is undesirable, unfortunate and happened by chance. See Webster’s Unabridged Dictionary. Of course, as to the thief, it is not an accident or a loss.
The Farmers' Insurance Exchange case, supra, cited for authority by the controlling opinion, was not a case based on theft but based on a loss caused by “windstorm” and the defendant-insurer was held liable on the ground that the loss was “direct and accidental”. The Sparrow case, supra, likewise cited as authority, was a case not involving theft, but the conversion of an automobile by a bailee-employee. The bailee converted the automobile to his own use and drove it to a distant city, and the court held that the conversion was not a “direct and accidental” loss for which the insurer was liable. Theft was not involved.
I would hold a loss by theft to be within the coverage of the “comprehensive” clause of the policy and reverse.